```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

| | | |
|---|---|---|
| BRUCE BIRCH, | ) | 3:19-CV-0043-MMD-CLB |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | February 14, 2020 |
| | ) | |
| PAM DEL PORTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  THE HONORABLE CARLA BALDWIN, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:          LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On January 7, 2020, this court determined that this case will be excluded from the inmate mediation program (ECF No. 33).  The court stated that the parties were free to privately discuss settlement if they so chose (*Id.*)

Since the entry of that order, plaintiff has filed numerous papers regarding the exclusion of this case from mediation.  Plaintiff has filed motions requesting some sort of intervention, telephonic conferences, global settlement, a motion that was improperly titled as a motion for preliminary injunction, a motion to hold the AG in contempt, and a motion to transfer his case to Judge Cobb (ECF Nos. 35, 37, 38, 39, 40, 41, 42, 43, 47, 48, 49, 52 & 53).  All these motions are without merit and are **DENIED**.

The inmate mediation program was created by this court in an effort to settle inmate cases early in the litigation process in order to save the court and parties time and resources.  There is neither a right nor a requirement to participate in the program.  The court often exercises the discretion to exclude certain cases from the program following referral from the District Court. Prior to setting a mediation, the court reviewed this case in conjunction with the 21 other civil rights cases that plaintiff has filed in this court since 2006.  The court notes that 19 of those cases have been filed since 2016.  In 2018, plaintiff settled six cases in a global settlement:  3:17-CV-0599-RCJ-WGC; 3:17-CV-0610-RCJ-WGC; 3:17-CV-0439-MMD-CLB; 3:18-CV-0303-MMD-CLB; 3:18-CV-0400-MMD-CLB; and 3:18-CV-0416-RCJ-WGC.  Following this settlement, plaintiff nearly immediately repudiated the settlement agreement which required the court to convene three hearings over the following four months in order to close these cases (3:17-CV-0599-RCJ-WGC – ECF Nos. 47, 51, and 53).

In 2017, plaintiff also reached a settlement following mediation in Case No. 3:16-CV-0221-MMD-VPC (ECF No. 26). In this case, plaintiff signed a stipulation for dismissal (ECF No. 32) and again plaintiff immediately repudiated the settlement (ECF No. 33). Thereafter, plaintiff filed nearly 30 more documents repudiating the settlement including a notice of appeal to the 9th Circuit (ECF No. 57) which was later withdrawn.

Plaintiff has voluntarily withdrawn at least five cases both before and after initial screening by this court: 3:17-CV-0193-RCJ-VPC; 3:19-CV-0183-MMD-CLB; 3:17-CV-0528-MMD-VPC; 3:17-CV-0596-RCJ-VPC; and 3:17-CV-0628-MMD-WGC.

Currently plaintiff has six other cases which have yet to be screened by this court: 3:19-CV-0643-MMD-WGC; 3:19-CV-0640-APG-WGC; 3:19-CV-0655-MMD-CLB; 3:19-CV-0283-MMD-WGC; 3:19-CV-0325-MMD-WGC; and 3:19-CV-0280-MMD-WGC.

The Court has broad discretion in managing its docket. *See, e.g., Landis v. N. American Co.,* 299 U.S. 248, 254 (1936) (court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In exercising that discretion, the Court is guided by the goals of securing the just, speedy and inexpensive resolution of actions. *See* Fed.R.Civ.P. 1. The court declines to expend valuable time and court resources setting a mediation in this case. Plaintiff is free to pursue settlement privately with defense counsel either in each individual case or globally as he so chooses.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk