UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE BIRCH, | 3:19-cv-00043-MMD-CLB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| PAM DEL PORTO, | |
| Defendant. | |

This case involves a civil rights action filed by Plaintiff Bruce Birch, ("Birch"), against Defendant Pam Del Porto ("Del Porto"). Currently pending before the court is Del Porto's motion for summary judgment. (ECF No. 93). Birch responded (ECF No. 107), and Del Porto replied (ECF No. 113). Having thoroughly reviewed the record and papers, the court recommends Del Porto's motion for summary judgment (ECF No. 93) be granted.

I.   **Factual and Procedural History**

Birch is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at Ely State Prison ("ESP"). The events at issue occurred while Birch was housed at Lovelock Correctional Center ("LCC"). (ECF No. 31 at 1). Proceeding *pro se* and *in forma pauperis*, Birch alleges that Del Porto, in retaliation to his various lawsuits, wrongfully upheld his classification as a member of a Security Threat Group ("STG").[2] (ECF No. 31 at 4). Birch claims he has never been an associate of any STG and the NDOC classification is not based on any evidence of his involvement with a

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]   A STG classification is determined pursuant to Administrative Regulation ("AR") 446 and generally refers to those inmates that are members of gangs or other groups determined to pose a threat to other inmates in NDOC custody. (ECF No. 93-3).

1

STG. (*Id.* at 4). Birch alleges this retaliatory act occurred in response to the settlement of recent lawsuits and the fact that Birch has filed suit against the NDOC on six separate occasions. (*Id.* at 6).

On October 16, 2018 Birch entered into a global settlement agreement with the NDOC, Del Porto, and other named defendants, settling three separate lawsuits.[3] (ECF No. 93-1 at 2). As part the settlement, Del Porto agreed to review Birch's STG classification within forty-five (45) days of the execution of the written settlement agreement. (ECF No. 93-1 at 5). Del Porto made no guarantees to change Birch's STG classification. Rather, she only agreed to review the classification and determine whether it was properly designated. (*Id.*) After the classification was reviewed, Del Porto determined there was sufficient evidence demonstrating Birch's STG classification was proper. (ECF No. 93 at 3). Birch was provided a written response related to this review, in which Del Porto stated: "I reviewed the documented findings from the investigator's report and concur with the findings that based upon information, items and data associated with your current incarceration, the STG identification will remain in place." (ECF No. 31 at 7). Del Porto's affirmance of Birch's STG classification gave rise to this action for retaliation.

On July 13, 2020 Del Porto filed a motion for summary judgment putting forth evidence of the objective basis for Birch's STG classification. (ECF No. 93). Del Porto argues that Birch has failed to show any evidence proving the essential elements of a retaliation claim. (*Id.* at 6). Specifically, Del Porto states Birch has put forth no evidence demonstrating his previous lawsuits were a substantial or motivating factor behind of his STG classification. (*Id.*). Further, Del Porto argues there is a clearly a penological goal in stopping prison gang activity and identifying potential gang members serves that goal.

---

[3] The global settlement agreement resolved all disputes arising from *Birch v. Del Porto, et al.*, Case No. 3:17-cv-00439-MMD-CBC; *Birch v. Del Porto, et al.*, Case No. 3:17-cv-00599-RCJ-WGC; and *Birch v. Del Porto, et al.*, Case No. 3:17-cv-00610-RCJ-WGC. (ECF No. 93-1)

(*Id.*). In response, Birch neither addresses Del Porto's arguments nor does he argue an issue of material fact exists for trial. (ECF No. 107). Instead, as Del Porto points out in her reply (ECF No. 113), Birch makes unsupported accusations of fraud and untruths. (ECF No. 107 at 7). These accusations and a last-ditch effort to offer settlement encompass the entirety of Birch's argument opposing summary judgment. (ECF No. 107 at 1-7). The recommended disposition follows.

**II.     Legal Standard**

Summary judgment should be granted when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material." *Id.* A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case*. Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex,* 477 U.S. at 323*; Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising

therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

For purposes of opposing summary judgment, the contentions offered by a pro se litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**III.   Discussion**

Del Porto argues that summary judgment must be entered on Birch's claims because Birch has failed to put forth evidence of retaliatory motive and the STG classification furthers a legitimate penological purpose. (ECF No. 93 at 6). The court agrees. Prisoners have a general right to be free from retaliatory punishment. *Shepard v. Quillen*, 840 F.3d 686, 693 (9th Cir. 2016) (citing *Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir. 2005)). "Prisoners have a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Indeed, the Ninth Circuit has stated "the mere *threat* of harm" may be enough to amount to a violation, "regardless of whether it is carried out because

the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (emphasis in original). "'[A] threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures.'" *Id.* (citation omitted).

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68. The adverse action must be such that it "would chill or silence a person of ordinary firmness from future First Amendment activities." *Watison*, 668 F.3d at 1114 (quoting *Rhodes*, 408 F.3d at 568).

To prove causation, Birch must show his protected activity was the "substantial or motivating factor behind the defendant's conduct." *Brodheim v.Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (Internal citations and quotations omitted). This causation standard requires Birch to put forth evidence of retaliatory motive. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (holding suspect timing, previous denials of gang affiliation designation, and the correctional officer's statement "your complaints pissed off higher-ups" created a genuine issue of retaliatory intent for trial).

Birch does not claim his STG classification was changed after his lawsuits. Instead Birch alleges the failure to remove his designation amounts to retaliation. (ECF No. 31). According to the settlement agreement, Del Porto had forty-five days to review Birch's STG classification. (ECF No. 93-1 at 5). Although suspect timing of the classification is circumstantial evidence of retaliatory intent, *Bruce*, 351 F.3d at 1288, the timing of Birch's STG classification was a contractual obligation that was executed within the terms the

settlement agreement. (ECF No. 93-1 at 5). The undisputed evidence shows Birch's STG classification has been assigned since 2011 (ECF No. 95) and Del Porto's review of this designation was merely designed to ensure that Birch's STG status was based upon appropriate evidence consistent with the NDOC policy. (ECF No. 93-1 at 5).

In support of her motion for summary judgment, Del Porto has put forth authenticated evidence showing a confidential informant identified Birch as a white supremist, Birch has STG specific tattoos[4], and Birch self-identified as a white supremacist in 2011. (ECF No. 95-2 at 2, 4). Del Porto's affirmance of Birch's STG classification therefore was not confirmed in retaliation to his protected activity. Rather, this determination was based upon objective evidence of Birch's status as a white supremacist. (ECF No. 95-2). Thus, the evidence shows the STG classification was not affirmed "because of" Birch's lawsuits, disproving an essential element of Birch's cause of action. See *Rhodes*, 408 F.3d at 567-68.

To refute this showing Birch, "need only put forth evidence of retaliatory motive, that, taken in the light most favorable to him, presents a genuine issue of material fact as to the prison officials" intent in confirming his STG status. *Bruce*, 351 F.3d at 1288. In his complaint, Birch states he has never been a white supremacist but has offered no evidence supporting his contentions. (ECF No. 31). In fact, Birch's statement is directly contradicted by the STG designation form Birch signed in 2011 where he self-identified as a white supremacist. (ECF No. 95-2 at 4). Even though Birch's statement that he is not a white supremacist would be evidence considered at trial, *Jones*, 393 F.3d at 923, Birch must show the existence of more than a mere "scintilla of evidence" that would allow a reasonable jury to conclude that Del Porto acted with retaliatory intent when she affirmed his STG classification. *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387. Birch has

---

[4] Specifically, Birch has three tattoos on his back associated with white supremacy groups: (1) a swastika, (2) the words "white power," and (3) an eagle. (ECF No. 95-2 at 2)

6

not offered any evidence suggesting Del Porto affirmed his STG classification "because of" his lawsuits. Thus, construing the evidence in the light most favorable to Birch, no reasonable jury would find that Del Porto's decision to affirm the STG classification was "because of" Birch's protected First Amendment activity.

Moreover, Birch is unable to prove the STG designation did not advance a legitimate penological purpose. "It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." *Bruce*, 351 F.3d at 1289.  Since Birch's STG designation is based upon objective factors and no genuine issue of material fact as to retaliatory motive exists, no reasonable jury could conclude that Birch's STG classification did not advance a legitimate penological purpose. *See Id.*  Therefore, the court agrees with Del Porto that summary judgment should be granted in her favor.

**IV.   Conclusion**

For good cause appearing and for the reasons stated above, the court recommends Del Porto's motion for summary judgment be granted. (ECF No. 93). The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   Recommendation**

**IT IS THEREFORE RECOMMENDED** that Del Porto's motion for summary judgment (ECF No. 93) be **GRANTED;**

**IT IS FURTHER RECOMMENDED** that the **CLERK** be ordered to enter judgment accordingly.

DATED: September 30, 2020

_____
UNITED STATES MAGISTRATE JUDGE